UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

JAMES E. SHELTON, individually and on behalf of all others similarly situated,

        Plaintiff,

-against-

PRIORITY CONCEPTS INC.,

        Defendant / Third-Party Plaintiff.

-against-

SHOPPUN INC.

        Third-Party Defendant

Case No. 2:24-cv-02581 (GRB)(JMW)

---

## DEFENDANT PRIORITY CONCEPTS, INC.'S ANSWER, AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT, AND THIRD-PARTY COMPLAINT

Defendant Priority Concepts, Inc. ("PC"), by and through its counsel Cole Schotz P.C., hereby answers the Class Action Complaint and Demand for Jury Trial of Plaintiff James E. Shelton ("Mr. Shelton" or "Plaintiff"), as follows:

### AS TO THE PRELIMINARY STATEMENT

1.    This paragraph sets forth Plaintiff's characterization of the action and legal conclusions to which no response is required. To the extent a response is deemed required, PC denies the allegations in Paragraph 1 of the Complaint.

2.    Paragraph 2 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

3.    This paragraph sets forth Plaintiff's characterization of the action and legal conclusions to which no response is required. To the extent a response is deemed required, PC denies the allegations in Paragraph 3 of the Complaint.

## AS TO THE PARTIES

4. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint, and, thus, leaves Plaintiff to his proofs.

5. PC admits the allegations in Paragraph 5 of the Complaint.

## AS TO JURISDICTION AND VENUE

6. Paragraph 6 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

7. Paragraph 7 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

8. Paragraph 8 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

## AS TO BACKGROUND

9. Paragraph 9 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

10. Paragraph 10 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

11. Paragraph 11 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

12. Paragraph 12 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

13. Paragraph 13 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

14. Paragraph 14 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

15. Paragraph 15 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

16. Paragraph 16 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

17. Paragraph 17 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

18. Paragraph 18 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

## AS TO FACTUAL ALLEGATIONS

19. Paragraph 19 of the Complaint is a legal conclusion for which no response is required. To the extent a response is deemed required, PC denies the same.

20. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and, thus, leaves Plaintiff to his proofs.

21. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and, thus, leaves Plaintiff to his proofs.

22. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and, thus, leaves Plaintiff to his proofs.

23. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint, and, thus, leaves Plaintiff to his proofs.

24. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, and, thus, leaves Plaintiff to his proofs.

25. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and, thus, leaves Plaintiff to his proofs.

26. PC denies the allegations in Paragraph 26 of the Complaint.

27. PC denies the allegations in Paragraph 27 of the Complaint.

28. PC denies the allegations in Paragraph 28 of the Complaint.

29. PC denies the allegations in Paragraph 29 of the Complaint.

30. PC denies the allegations in Paragraph 30 of the Complaint.

31. PC denies the allegations in Paragraph 31 of the Complaint.

32. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and, thus, leaves Plaintiff to his proofs.

33. PC denies the allegations in Paragraph 33 of the Complaint.

34. PC denies the allegations in Paragraph 34 of the Complaint.

35. PC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and, thus, leaves Plaintiff to his proofs.

36. PC denies the allegations in Paragraph 36 of the Complaint.

## AS TO CLASS ACTION ALLEGATIONS

37. PC repeats and realleges the answers contained in the preceding paragraphs as if stated fully herein.

38. Paragraph 38 does not contain an asserted factual allegation but rather, contains an explanation of Plaintiff's definition of the alleged "class" on whose behalf Plaintiff has brought this action. This paragraph sets forth Plaintiff's characterization of the action and legal conclusions for which no response is required. To the extent a response is deemed required, PC denies the allegations in Paragraph 38. PC further avers that Plaintiff is unable to meet the requirements of class certification.

39. Paragraph 39 does not contain an asserted factual allegation but rather, contains an explanation of Plaintiff's perception that the Class conforms to the federal requirements for Numerosity. This paragraph sets forth Plaintiff's characterization of the action and legal conclusions for which no response is required. To the extent a response is deemed required, PC denies the allegations in Paragraph 39 of the Complaint.

40. Paragraph 40 does not contain an asserted factual allegation, but rather contains an explanation of Plaintiff's perception that the Class conforms to the federal requirements for Typicality. This paragraph sets forth Plaintiff's characterization of the action and legal conclusions for which no response is required. To the extent a response is deemed required, PC denies the allegations in Paragraph 40 of the Complaint, and specifically denies that PC engaged in any "illegal conduct" that caused "damages" or "injuries."

41. Paragraph 41 does not contain an asserted factual allegation, but rather contains an explanation of Plaintiff's perception that the Class conforms to the federal requirements for Adequacy. This paragraph sets forth Plaintiff's characterization of the action and legal conclusions for which no response is required. To the extent a response is required, PC denies the allegations in Paragraph 41 of the Complaint.

42. Paragraph 42 does not contain an asserted factual allegation, but rather contains an explanation of Plaintiff's perception that the Class conforms to the federal requirements for Commonality and Predominance. This paragraph sets forth Plaintiff's characterization of the action and legal conclusions for which no response is required. To the extent a response is required, PC denies the allegations in Paragraph 42 of the Complaint.

43. Paragraph 43 does not contain an asserted factual allegation, but rather contains an explanation of Plaintiff's perception that the Class conforms to the federal requirements for

64931/0009-47555893

Superiority. This paragraph sets forth Plaintiff's characterization of the action and legal conclusions for which no response is required. To the extent a response is required, PC denies the allegations in Paragraph 41 of the Complaint.

44. Paragraph 44 does not contain any asserted factual allegations, but rather contains an explanation of Plaintiff's perception that the Class conforms to the federal requirements. This paragraph sets forth Plaintiff's characterization of the action and legal conclusions for which no response is required. To the extent a response is required, PC denies the allegations in Paragraph 44 of the Complaint, and specifically deny that they undertook any improper action, violated any laws, or caused any harm or damages.

## CAUSES OF ACTION

### As to Count One:
### Alleged Violations of the TCPA, 47 U.S.C. §227

45. PC repeats and realleges its responses to the prior paragraphs as if set forth herein at length.

46. PC denies the allegations in Paragraph 46 of the Complaint.

47. PC denies the allegations in Paragraph 47 of the Complaint.

48. PC denies the allegations in Paragraph 48 of the Complaint.

49. PC denies the allegations in Paragraph 49 of the Complaint.

50. PC denies the allegations in Paragraph 50 of the Complaint.

### As to Count Two:
### Alleged Violation of the Telephone Consumer Protection Act
### (47 U.S.C. §227(c)(5) & C.F.R. §64.1200(d))

51. PC repeats and realleges its responses to the prior paragraphs as if set forth herein at length.

52. PC denies the allegations in Paragraph 52 of the Complaint.

53. PC denies the allegations in Paragraph 53 of the Complaint.

54. PC denies the allegations in Paragraph 54 of the Complaint.

## AS TO PRAYER FOR RELIEF

WHEREFORE, PC demands judgment in its favor, dismissal of the Complaint, with prejudice, plus attorney's fees and costs of suit, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails in whole or in part to state claim upon which relief may be granted and therefore should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and the putative class members lack Article III standing because they have not suffered concrete and particularized loss.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each Count, is barred in whole or in part because Plaintiff and the putative class members consented to receiving the calls at issue.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each Count, is barred in whole or in part by the doctrines of waiver and estoppel.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint, and each Count, is barred in whole or in part to the extent Plaintiff seeks statutory damages that would impose excessive fines in violation of due process.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint, and each Count, is barred in whole or in part by Plaintiff's actual or implied consent.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint, and each Count, is barred in whole or in part by Plaintiff's failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

The Complaint, and each Count, is barred in whole or in part by an absence of legal responsibility on the part of PC.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's losses, if any, were caused by the actions of Plaintiff or third parties over whom PC has no control and for which Plaintiff has no responsibility.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief. Plaintiff has an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE

PC affirmatively pleads and relies upon all defenses and affirmative defenses set forth in the statutes under which plaintiff has brought suit, which are or may hereafter become applicable to the claims made herein.

## RESERVATION OF RIGHTS

PC reserves the right to assert additional defenses and affirmative defenses or to amend its answer to the Complaint as its investigation and discovery continue.

## THIRD PARTY COMPLAINT

### INTRODUCTION

Defendant/Third-Party Plaintiff, Priority Concepts, Inc. ("PC"), asserts this Third-Party Complaint against Third-Party Defendant, Shoppun Inc ("Shoppun") for breach of the parties' referral partner contract, breach of the covenant of good faith and fair dealing, and indemnification. While denying any and all liability, Shoppun has subjected PC to the claims asserted by Mr. Shelton in this matter, and is, or may be liable to PC for all or part of Mr. Shelton's claims against Priority.

### THE PARTIES

1. PC is a New York corporation with an address of 515 Broadhollow Rd., Melville, New York, 11747.

2. Shoppun is, upon information and belief, a New York limited liability company. Shoppun has an address of 181 E. Tasman Dr., Ste. 20, No. 109, San Jose, CA 95134.

### JURISDICTION AND VENUE

3. This Court has supplemental jurisdiction over this third-party complaint pursuant to 28 U.S.C. § 1367 because the claims asserted are so related to the Plaintiff's claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this district under the doctrine of ancillary venue and 28 U.S.C. § 1391(b)(1), in that a substantial part of the events or omissions giving rise to Plaintiff's alleged claims occurred in this district.

## THE REFERRAL PARTNER AGREEMENT

5. On October 26, 2023, PC and Shoppun entered into a Referral Partner/Independent Contractor Agreement ("Agreement") under which Shoppun agreed, among other things, to refer potential clients to PC.

6. Pursuant to Section I.1 of the Agreement, Shoppun expressly acknowledged and agreed it is an independent contractor, and not an agent of PC:

> Referral Partner [Shoppun] acknowledges that he or she is an independent contractor of Priority. Referral Partner is not an employee, servant, or partner of Priority, nor is Referral Partner engaged in a joint venture with Priority. Referral Partner is not affiliated with Priority other than as an independent contractor. Referral Partner shall have no authority to bind Priority by any acts, omissions, statements, promises, or representations, unless specifically authorized to do so in writing by Priority.

7. Pursuant to Section K.5 of the Agreement, Shoppun warranted, represented, and agreed that its performance of services, i.e., obtaining referrals for PC under the Agreement, would not result in a breach of any provision of law or order by which Shoppun (or PC) is bound.

8. Pursuant to Section K.3 of the Agreement, Shoppun also warranted, represented, and agreed that it had never been required to pay any civil monetary penalty under federal or state law regarding false, fraudulent, or otherwise, in permissible business practices.

9. Pursuant to Section I.1 of the Agreement, Shoppun agreed to maintain in place commercial general liability, errors and omissions, and other forms of insurance, with policy limits sufficient to protect and indemnify PC from any losses resulting from Shoppun's conduct, acts, or omissions.

10. Further, to the extent not covered by insurance, pursuant to Section I.2 of the Agreement, Shoppun agreed to indemnify, defend, and hold PC harmless from and against any and all claims and/or causes of action which arise from the actions or omissions of Shoppun or any of its agents, employees, or contractors in connection with the Agreement.

11. Indemnification under the Agreement includes the damages, costs, and expenses resulting from such claims and/or causes of action that arise from the actions or omissions of Shoppun, its agents, employees, or contractors in connection with the Agreement.

12. Pursuant to Section M.6 of the Agreement, in the event of litigation, Shoppun agreed to pay PC, in addition to all other damages to which it may be entitled, the costs incurred by the "prevailing party" in connection with the litigation, including reasonable attorneys' fees and expenses.

13. On April 5, 2024, James E. Shelton filed a Class Action Complaint against PC, based on calls Shoppun made to obtain referrals for PC under the Agreement, allegedly in violation of the federal Telephone Consumer Protection Act ("TCPA").

14. Although PC denies any and all liability, PC has incurred and will continue to incur attorneys' fees and costs to defend itself against Plaintiff's claims in the Litigation.

15. Shoppun agreed to insure and/or indemnify PC under the Agreement against any and all of Plaintiff's claims. To the extent not covered by insurance, pursuant to Agreement section I.2, Shoppun agreed to indemnify, defend, and hold PC harmless from and against any and all claims and/or causes of action which arise from the actions or omissions of Shoppun or any of its agents, employees, or contractors in connection with the Agreement.

16. PC seeks coverage and/or indemnification from Shoppun pursuant to the Agreement.

## FIRST COUNT
### (Breach of Contract/Indemnification)

17. PC repeats and realleges the allegations in the prior paragraphs as if set forth herein at length.

64931/0009-47555893

18. While denying any liability, in the event PC is found to be liable, Shoppun is liable to indemnify PC, in full, for all liability and damages incurred, including costs of suit and reasonable attorneys' fees.

19. The Agreement is a valid and enforceable contract.

20. Pursuant to Section K.5 of the Agreement, Shoppun warranted, represented, and agreed that its performance of services, i.e., obtaining referrals for PC under the Agreement, will not result in a breach of any provision of law.

21. However, PC expressly denies any wrongful or tortious conduct with respect to Plaintiff, and any and all liability with respect to the claims asserted by Plaintiff against PC.

22. To the extent Plaintiff suffered any injuries with respect to the conduct and claims he has pled in the Complaint, Shoppun is the wrongful and tortious actor and is the party responsible for the claimed injuries or harm alleged by Plaintiff as Shoppun is in breach of Section K.5 of the Agreement.

23. Shoppun agreed to insure and/or indemnify, defend, and hold PC harmless from and against any and all claims and/or causes of action which arise from the actions or omissions of Shoppun or any of its agents, employees, or contractors in connection with the Agreement.

24. Shoppun has failed and refused to extend coverage, defend and indemnify Priority against Plaintiff's claims.

25. PC has fully performed its obligations under the Agreement.

26. As a direct and proximate result of Shoppun's breach of the Agreement, Priority has been and continues to be harmed and has suffered damages in an amount to be determined at trial.

64931/0009-47555893

**WHEREFORE**, PC demands judgment against Shoppun, awarding PC compensatory, incidental, and consequential damages, indemnification and defense, and attorneys' fees and costs pursuant to the Agreement, and such other and further relief as the Court deems just and proper.

## SECOND COUNT
### (Breach of The Covenant of Good Faith And Fair Dealing)

27. Priority repeats and realleges the allegations in the prior paragraphs as if set forth herein at length.

28. While denying any liability, in the event PC is found to be liable, Shoppun is liable to indemnify PC, in full, for all liability and damages incurred, including costs of suit and reasonable attorneys' fees.

29. PC fully performed its obligations under the Agreement.

30. PC's claims under the Agreement arising out of the Litigation for defense costs and indemnification are or should have been covered claims under the Agreement. Upon information and belief, Shoppun acted arbitrarily and unreasonably in failing to obtain proper coverages or perform under the Agreement, or to obtain and provide a defense, and coverage, for PC's claims.

31. By withholding the benefits of the Agreement from PC, failing and refusing to respond to PC's claims, or to investigate, provide a defense and coverage to PC, Shoppun is acting dishonestly and in bad faith, in breach of the covenant of good faith and fair dealing.

32. As a direct and proximate result of Shoppun's breach of the covenant of good faith and fair dealing, Priority has been and continues to be harmed and has suffered damages in an amount to be determined at trial.

**WHEREFORE**, PC demands judgment against Shoppun, awarding PC compensatory, incidental, and consequential damages, indemnification and defense, and attorneys' fees and

costs pursuant to the Agreement, and such other and further relief as the Court deems just and proper.

DATED: New York, New York
         April 30, 2024

**COLE SCHOTZ P.C.**
*Attorneys for Defendant/*
*Third Party Plaintiff*
*Priority Concepts Inc.*

*/s/ Michael Yellin*
   Michael R. Yellin, Esq.
   Joseph Barbiere, Esq. (*pro hac vice* forthcoming)
   Jamie P. Clare, Esq. (*pro hac vice* forthcoming)
   Arnold P. Picinich, Esq. (*pro hac vice* forthcoming)
**Cole Schotz P.C.**
Court Plaza North
25 Main Street
Hackensack, NJ 07601
Telephone: (201) 489-3000
Email: myellin@coleschotz.com
   jbarbiere@coleschotz.com
   jclare@coleschotz.com
   apicinich@coleschotz.com