Case 2:24-cv-02581-GRB-JMW   Document 20   Filed 06/10/24   Page 1 of 5 PageID #: 84

FILED
CLERK

June 10, 2024

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAMES E. SHELTON, individually and on behalf of all others similarly situated, | : | Civil File No. 2:24-cv-02581-GRB-JMW |
| Plaintiff, | : | |
| v. | : | |
| Priority Concepts Inc. | : | |
| Defendant. | : | |

## ~~PROPOSED~~ RULE 26(f) SCHEDULING ORDER

**I.      DISCOVERY PLAN**

A. The parties do not anticipate the need for any changes to the timing, form, or requirement for disclosures under Fed. R. Civ. P. 26(a).

B. The parties anticipate that discovery may be needed on at least the following subjects:

**Plaintiff's Statement:** The Plaintiff will need to seek discovery on the calling conduct at issue, including the calling records themselves, the content and scripting of the calls, the number of calls that were sent to the Plaintiff and the class, Defendant's policies and procedures regarding TCPA compliance, and discovery related to any vendors or third parties which may have placed the calls or which otherwise may be liable for the calling conduct at issue, including Defendant Shoppun Inc. The Plaintiff will need to take between 3-5 depositions, including of the Defendant's 30(b)(6) representatives, and other individual Rule 30 witnesses, any of the Defendant's experts, and representatives and witnesses associated with Shoppun. Discovery will also be necessary into the Defendant's relationship with Third Party Defendant Shoppun Inc., and may end up being third

64931/0009-47870801

party discovery in the event that Defendant dismisses Shoppun and the Plaintiff does not amend to add in this Defendant.

**Defendant's Statement**: Defendant anticipates discovery in this case to first be limited to pre-certification class discovery concerning the specific issues alleged in Plaintiff's Complaint. Specifically, Plaintiff has contended there was a violation of the TCPA as a result of receiving calls despite being on the National Do Not Call Registry, and having allegedly received calls after affirmatively advising that those calls should stop. Although Defendant does not intend to use this discovery schedule as a means to raise or adjudicate a discovery disputes, the scope of discovery set forth in Plaintiff's Statement, above, is beyond those allegations in the Complaint and, thus, Defendant would object to any discovery request on that ground.

**C. Discovery Limitations.** The parties do not believe that any changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Civil and Local Rules of the Southern and Eastern Districts of New York.

**D.** Not Applicable. This case is proceeding under federal question jurisdiction.

**E. ESI Discovery**

No ESI protocol is necessary because of the limited amount of ESI in this case.

**F. Confidentiality**

The parties anticipate the need for a confidentiality stipulation and order and will submit a template in the form approved by the Court in due course.

**MAGISTRATE CONSENT**

The parties do not jointly consent to the jurisdiction of a magistrate judge.

II. The Plaintiff's proposal for when discovery should be completed is set forth in Section II below.

**June 24, 2024** - Exchange of Rule 26(a)(1) disclosures

**June 24, 2024** - Service of first interrogatories and document demands

**August 6, 2024** - Responses to first interrogatories and document demands

**August 31, 2024** - Motions to join new parties or amend the pleadings

**September 15, 2024** - Meet and confer regarding 30(b)(6) depositions [CORPORATE DEPS]

~~[DATE TO BE FILLED IN BY COURT]~~ *Nov. 12, 2024 @ 10:30 AM* - Status conference to be held via Zoom. The Court will email a Zoom invitation closer to the conference date.

**November 29, 2024** - Completion of all fact ~~depositions~~ *discovery*.

**December 15, 2024** - Identification of case-in-chief experts and service of Rule 26 disclosures

**January 15, 2025** - Identification of rebuttal experts and service of Rule 26 disclosures

**March 1, 2025** - Close of all discovery, including expert discovery

*MARCH 21, 2025* ~~[DATE TO BE FILLED IN BY COURT]~~ - Final date by which parties shall take the first step of summary judgment motion practice. Depending on the assigned district judge, the first action commencing the practice would be either requesting a pre-motion conference or initiating the exchange of Local Civil Rule 56.1 statements. Parties are required to consult the individual rules of the district judge regarding motion practice.

*APRIL 7, 2025 @ 10 AM* ~~[DATE TO BE FILLED IN BY COURT]~~ - Pretrial conference. These conferences shall be held via Zoom unless the case is assigned to the undersigned for all purposes including trial. If the assigned district judge requires one, a joint proposed pretrial order in compliance with that judge's requirements and signed by counsel for each party must be received by the undersigned 5 business days prior to this conference. If a motion for summary judgment, or for a pre-motion conference as to the same, is filed then the Pretrial Conference is adjourned sine die and the requirement, if any, to file a joint proposed pretrial order is held in abeyance until further order of the court.

*[initials] JMW USMJ*

3

64931/0009-47870801

This scheduling order will be modified by the Court only upon a timely showing of good cause. Any request for modification of this scheduling order must be in writing and filed in accordance with the undersigned's Individual Rules. The parties are reminded that any requests to alter or extend a scheduling order after the deadlines have passed will need to establish good cause and in addition, excusable neglect, in accordance with Fed. R. Civ. P. 6(b)(1)(B).

Motions to resolve discovery disputes must be made by letter in accordance with Local Civil Rules 37.1 & 37.3 and in compliance with additional requirements set forth in the undersigned's Individual Rules, except deposition rulings which the Court encourages be sought during the deposition. Motions that do not comply with all requirements will be rejected.

RESPECTFULLY SUBMITTED AND DATED this June 5, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong (*Pro Hac Vice*)
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

**COLE SCHOTZ P.C.**
*Attorneys for Defendant*
*Priority Concepts, Inc.,*

*/s/ Arnold P. Picinich, Esq.*
Michael R. Yellin, Esq.
Joseph Barbiere, Esq. (admitted *pro hac vice*)
Jamie P. Clare, Esq. (admitted *pro hac vice*)
Arnold P. Picinich, Esq. (admitted *pro hac vice*)
**Cole Schotz P.C.**

4

900 Third Avenue, 16th Floor
New York, NY 10022-4728
Telephone: (212) 752-8000
myellin@coleschotz.com
jbarbiere@coleschotz.com
jclare@coleschotz.com
apicinich@coleschotz.com

SO ORDERED:
/s/: James M. Wicks
_____
James M. Wicks, USMJ
Dated: 6-10-2024
Central Islip, NY