IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JAMES E. SHELTON,** individually and on behalf of all others similarly situated, | Case No. 2:24-cv-02581-(GRB)(JMW) |
| *Plaintiff*, | **CLASS ACTION** |
| *v.* | **JURY TRIAL DEMANDED** |
| **PRIORITY CONCEPTS INC.** | |
| **AND** | |
| **SHOPPUN INC.** | |
| *Defendants.* | |

## MOTION OF PLAINTIFF AND PRIORITY CONCEPTS TO CONTINUE SCHEDULE[1]

Pursuant to FED. R. CIV. P. 16(b)(4), and in anticipation of next week's status conference, Plaintiff James E. Shelton and Defendant Priority Concepts Inc submit this Joint Motion and Stipulation requesting that the Court vacate the most recent scheduling order entered in this case. (ECF No. 20) and enter a new order with revised proposed dates, *sine die*, subject to the appearance of Shoppun, Inc. The Parties respectfully request that the Court vacate its scheduling order for the primary reason that an Amended Complaint was recently filed in this matter to assert additional claims against the new Defendant Shoppun, Inc. In summary, the Plaintiff recently filed an Amended Complaint in this matter naming Shoppun Inc., and only recently served Shoppun, which such time to respond to the case is not yet run. Furthermore, the Plaintiff and Priority Concepts have scheduled a mediation of this matter in December.

Moreover, Priority Concepts is engaging in an ESI review of a substantial amount of data potentially responsive to Plaintiff's initial discovery. As such, the parties require more time to

---

[1] Shoppun Inc. has not made an appearance in this matter as of this date.

finish that review, engage in depositions, permit time for Shoppun to participate in the case, and prepare expert reports for class certification and trial. Furthermore, the parties have agreed to mediate this matter with Hon. David Jones (Ret.) on December 19, 2024. As such, the parties are requesting the following extensions on remaining discovery deadlines.

Rule 16(b)(4) provides that a schedule may be modified only for "good cause and with the judge's consent." Whether good cause exists turns on the "diligence of the moving party." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). In *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229 (2d Cir.2007), the Second Circuit stated that factors other than diligence may be considered in determining whether "good cause" exists, including prejudice to the defendants. "For purposes of Rule 16, a showing of good cause requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. . . . Although the absence of prejudice to the non-moving party is relevant to the exercise of the court's discretion, it does not satisfy the good cause requirement." *Shemendera v. First Niagara Bank N.A.*, 288 F.R.D. 251, 252–53 (W.D.N.Y. 2012) (quoting *Mendez v. Barlow*, 2008 WL 2039499, *2 (W.D.N.Y. 2008).

Diligence is met here primarily because the parties are stipulating to vacate discovery deadlines well in advance of their having run. Although such inconsequential issues as scheduling conflicts do not alone constitute good cause, *Shemendera*, 288 F.R.D. at 253, good cause is met here because the Plaintiff diligently filed the stipulated Amended Complaint and has served it. Shoppun is due to appear and is likely desirous of also engaging in discovery and participating in this litigation, which would be rendered difficult in light of the current November 29 deadline to complete all fact discovery.

Moreover, as new claims have been asserted against the new Defendant, the parties are

Working in good faith to resolve the case, and the parties are engaged in ESI review, good cause exists to vacate the Court's current scheduling order and enter a new scheduling order once these defendant's appear and the nature of their defenses to the action is better ascertained. And, unlike in *Shemendera*, the parties here jointly seek to vacate the current scheduling order and extend it in light of the amendment and before the discovery cutoff, not months after the cutoff for inconsequential reasons. As a result, it is unlikely that the current scheduling deadlines in this case are likely to be met.

Moreover, Plaintiff believes and therefore avers that the classwide calling records, as well as records into the nature of the alleged relationship between Priority Concepts and Shoppun, if any, are currently and most easily within the possession of Shoppun. Additionally, given that this is a putative class action, extension of the related expert deadlines is also justified because such experts have not yet reviewed the classwide calling records, which are yet to be produced. Plaintiff believes there exists additional evidence in the form of calling records and records relating to the alleged relationship between Priority Concepts and Shoppun, if any, that will be uncovered through additional discovery and an extension of the corresponding deadlines. *Contra Tatintsian v. Vorotyntsev*, No. 1:16-CV-7203-GHW, 2024 WL 4467626, at *2 (S.D.N.Y. Oct. 9, 2024) (denying request to extend schedule after motion for summary judgment on the basis of additional evidence).

Accordingly, Parties jointly stipulate and request that the Court vacate the current scheduling order and set a new scheduling conference to be conducted the new defendants have appeared.

RESPECTFULLY SUBMITTED AND DATED this 8th day of November, 2024.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
PA Bar #333687 (*Pro Hac Vice*)

3

>Perrong Law LLC
>2657 Mount Carmel Avenue
>Glenside, Pennsylvania 19038
>Phone: 215-225-5529 (CALL-LAW)
>Facsimile: 888-329-0305
>a@perronglaw.com
>
>
>*/s/ Arnold Picinich*
>Arnold Picinich
>Cole Schotz, PC
>25 Main Street
>Hackensack, NJ 07601
>Office: 201.525.6290
>Email: apicinich@coleschotz.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: November 8, 2024

>*/s/ Andrew Roman Perrong*
>Andrew Roman Perrong, Esq.